IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

SAMMY LEE DONTON,

    Plaintiff,

vs.                                          Case No. 5:03cv295-RH/WCS

DR. JULIA BERRIOS,
PHYSICIAN'S ASSISTANT MORALES,
and DR. SEYMOUR ROSEN, et al.,

    Defendants.

                                              /

## SECOND REPORT AND RECOMMENDATION

This case has been remanded to me following the denial in part of Defendant Rosen's motion to dismiss. Docs. 46, 48. Defendant Rosen has now filed an answer to the fourth amended complaint. Doc. 50. The federal claims against Defendant Rosen remain, but the state law claims have been dismissed. Doc. 48.

This report and recommendation is concerned only with the second motion to dismiss, doc. 41, filed by Defendants Berrios and Morales. A scheduling order will not be entered until this motion to dismiss has been resolved. Plaintiff was given until March 18, 2005, in which to respond to the motion to dismiss. Doc. 44. Plaintiff has not responded. At issue are claims as raised in the Fourth Amended Complaint. Doc. 14.

**Standard of Review**

Dismissal of a complaint, or a portion thereof, pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted should not be ordered unless it appears beyond doubt that Plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).  A court must accept as true the allegations of the complaint when ruling upon such a motion.  Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992)(citation omitted), *cert. denied*, 113 S. Ct. 1586 (1993).  *Pro se* complaints should be held to less stringent standards than those drafted by an attorney.  Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

> Federal Rule of Civil Procedure 8(a)(2) . . . provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Such a statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions.").

> If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding.  Moreover, claims lacking merit may be dealt with through summary judgment under Rule 56.

122 S.Ct. at 998-999.

"In reviewing a motion to dismiss based on qualified immunity, the district court is required to accept the factual allegations in the plaintiff's complaint as true and draw all reasonable inferences in favor of the plaintiff." Wilson v. Strong, 156 F.3d 1131, 1133

Case No. 5:03cv295-RH/WCS

(11th Cir. 1998), *citing* Nolan v. Jackson, 102 F.3d 1187, 1190 (11th Cir. 1997). The only issue, therefore, is whether "plaintiff's allegations set forth a violation of a clearly established constitutional right." Wilson, 156 F.3d at 1133.

**Allegations of the Fourth Amended Complaint**

Plaintiff alleges that Dr. Julia Barrios was advised that Plaintiff's left eye had been damaged and failed to "immediately recommend that Plaintiff be taken to another op[h]thalmologist for evaluation and treatment." Doc. 14, p. 8. He alleges that Dr. Barrios should have referred him for further treatment on January 9, 2002, the day after the eye surgery, because he was then blind in that eye, but instead waited until April, 2002. *Id*., p. 9A. Likewise, Plaintiff alleges that Defendant Morales waited 18 days to refer him to Dr. Rosen and by then it was too late. *Id*., p. 8B. He alleges that Morales should have referred Plaintiff for treatment as early as January 9, 2002, but did not do so until April, 2002. *Id*. and p. 9C.

**Exhaustion**

Defendants Berrios and Morales have argued that Plaintiff failed to exhaust administrative remedies concerning his claims against them. Doc. 41, pp. 3-6. In particular, Defendants note that although Plaintiff adequately presented his complaints about the surgery conducted by Defendant Rosen, and sought to have his left eye repaired, Plaintiff did not specifically "complain about the post surgical care that was provided by defendants Berrios or Morales." *Id.*, at 5. Defendants acknowledge that Plaintiff's appeal complained about the " 'gross negligence' perpetrated by Dr. Rosen and FCI Marianna's Medical Department, but [Plaintiff] does not state anything with specificity about defendants Berrios and Morales." *Id.*, at 5-6. Defendants also

acknowledge that Plaintiff complained in the final appeal that " 'Dr. Rosen & Company waited too long to do said eye surgery, then was grossly negligent, failed to correct said problem caused, let an infection set in, and thus subsequently caused the vision in [Plaintiff's] left eye to be gone.' "  *Id.*, at 6.  Defendants argue that because Plaintiff did not allege in his grievances that Defendants Berrios and Morales failed to treat Plaintiff or refer him for post-operative treatment, the complaint against them should be dismissed.  *Id.*, at 6.

Since passage of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) now provides:  "*No action shall be brought* with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  (Emphasis added.)  The exhaustion requirement of § 1997e(a) is mandatory, whether the claim is brought pursuant to § 1983 or Bivens.  Alexander v. Hawk, 159 F.3d 1321, 1324-26 (11th Cir. 1998).  There is no discretion to waive this requirement or provide continuances of prisoner litigation in the event that a claim has not been exhausted prior to filing.  Alexander, 159 F.3d at 1325; *see also* Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (holding that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Higginbottom v. Carter, 223 F.3d 1259, 1260-61 (11th Cir. 2000); Brown v. Sikes, 212 F.3d 1205, 1207-08 (11th Cir. 2000) (finding that an inmate must "provide with his grievance all relevant information reasonably available to him" but he cannot be required to name individuals responsible for challenged conduct when

he could not yet identify those persons). Even where an inmate seeks only monetary damages in a civil rights case, he must complete the prison administrative process if it could provide some sort of relief on the complaint although no money could be given administratively. Booth v. Churner, 531 U.S. 956, 121 S. Ct. 1819, 1821, 149 L. Ed. 2d 958 (2001).

A prisoner must, however, comply with the process set forth and established by the grievance procedures. See Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999). Even if a grievance is initially denied as untimely, a prisoner must appeal the denial of his grievance. See Harper v. Jenkin, 179 F.3d 1311 (11th Cir. 1999) (noting Georgia's inmate grievance procedures allow "the grievance coordinator to waive the time period for filing a grievance if 'good cause' is shown"). Failure to exhaust available administrative remedies is the functional equivalent of failing to state a claim, and thus should be counted as a strike under 28 U.S.C. § 1915(g). See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir.), *cert. denied* 524 U.S. 978 (1998) (stating that "[a] claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted."). If one claim is unexhausted, the Court may separate that claim out and proceed on only those claims that have been exhausted. Brown, 212 F.3d at 1206, n.1.

Plaintiff is a federal inmate, housed within the Bureau of Prisons. The Bureau requires inmates to exhaust claims through the Administrative Remedy Program which is set forth in 28 C.F.R. § 542.10, *et seq*. The program generally consists of one

informal step and three formal steps:[1] a formal written grievance complaint to warden at the local institution; an appeal to the Regional Director; and an appeal to the Office of the General Counsel. 28 C.F.R. § 542.14(a), § 542.15(a). The rules require inmates to include only "a single complaint or a reasonable number of closely related issues on the form." 28 C.F.R. § 542.(c)(2). If an inmate submits one form containing "multiple unrelated issues, the submission shall be rejected and returned without response . . . ." 28 C.F.R. § 542.(c)(2). Furthermore, an "inmate may not raise in an Appeal issues not raised in the lower level filings." 28 C.F.R. § 542.15(b)(2).

Plaintiff submitted with his fourth amended complaint a document titled "attempt at informal resolution," which was dated May 1, 2002. Doc. 14, ex. A. Plaintiff stated that he had surgery on his left eye in January of 2002 and his eye was severely damaged. *Id.* Plaintiff reported that he wanted to have his eye repaired, but he did not believe that was possible, and was holding "all those responsible for damages incurred to include BOP Medical Staff & Consultants." *Id.* The response indicated that Plaintiff was seen by an optometrist on May 10, 2002, who referred Plaintiff to an ophthalmologist, but Plaintiff was a "no show." *Id.* The appointment was rescheduled and, thus, the response noted the problem was not resolved and Plaintiff was permitted to continue to the formal procedure. *Id.*

Plaintiff filed a request for administrative remedy (BP 9) on June 10, 2002. Doc. 14, ex. B. Plaintiff stated that he had had cataract surgery on his left eye in January of 2002 that damaged his sight. *Id.* Plaintiff alleged that Dr. Rosen committed gross

---

[1] The process begins with an informal initial request to staff at the institution. 28 C.F.R. § 542.13(a). Doc. 41, p.4; exhibit, p. 1.

negligence and damaged the lens beyond repair.  *Id.*  Plaintiff also said he "complained about this post surgical damage, but to no avail."  *Id.*  "The end result was that [Plaintiff] was transferred to FMC Butner where there has been difficulty . . . in actually scheduling a proper appointment."  *Id.*  Plaintiff concluded his grievance by stating that he was holding "Dr. Rosen, the FCI Marianna Medical Dept. and the BOP responsible for the damages."  *Id.*  The response read the grievance as complaining only about the lack of care during the cataract surgery on January 8, 2002, that is, that the surgeon had "damaged your lens beyond repair."  *Id*.  The grievance was granted.  The response indicated that Plaintiff had arrived at FMC, Butner, on April 16, 2002, had been examined, and on June 10, 2002, after another examination, the ophthalmologist had referred Plaintiff for a fluorescein angiogram procedure; they were currently waiting on an appointment for Plaintiff.  *Id.*

Plaintiff sent a Regional Administrative Remedy Appeal (BP 10), dated July 10, 2002, and said that granting his administrative remedy request was only partial success in being "referred to an ophthalmologist for possible treatment."  Doc. 14, ex. D.  Plaintiff indicated his doubt that the treatment would actually happen, but said that "the main issue is that irrepairable [sic] damage has been caused, and unless some new magical technique has been developed; then BOP's attempts are futile and only meant to try to conceal the Gross Negligence perpetrated by Dr. Rosen & FCI Marianna's Medical Dept."  *Id.*  Plaintiff further stated: "Thus, for the damage by Dr. Rosen's Gross negligence on 1/8/02 causation; I hold him, FCI Marianna and the BOP responsible for this irrepairable [sic] damage to my left eye and the accompany[ing] pain and suffering."  *Id.*  Plaintiff did not mention Dr. Barrios or P.A. Morales, and did not allege any post-

Case No. 5:03cv295-RH/WCS

surgical lack of care by anyone.  The response to Plaintiff's regional appeal, which was denied, again noted that Plaintiff was "scheduled to be evaluated by an ophthalmologist and vitreous specialist as you request."  *Id.*  "These specialists will evaluate your current condition and recommend appropriate treatment."  *Id.*  Plaintiff was advised that if he was dissatisfied, he could appeal to the General Counsel.  *Id.*

On August 26, 2002, Plaintiff submitted a grievance appeal (BP 11) to Central Office (General Counsel).  Doc. 14, ex. C.  Plaintiff began the appeal by stating that "[t]he facts surrounding the irrepairable [sic] eye (left) damage perpetrated by Dr. Rosen and FCI Marianna's Medical Department have already been presented in the accompanying BP9 & BP10."  *Id.*  Plaintiff complained that it was "quite obvious to other 'blind' men that Dr. Rosen & Company waited too long to do said eye surgery, then was grossly negligent, failed to correct said problem caused, let an infection set in, and thus subsequently caused the vision in my left eye to be gone."  *Id.*  Plaintiff stated that he was holding "Dr. Rosen, FCI Marianna, and the BOP responsible [for] this Medical Gross Negligence that constitutes Deliberate Indifference as well [as] for the 1/8/02 causation and for the constant pain and suffering that I'm currently enduring."  *Id.*  The allegation that the health care providers "let an infection set in" is the first allegation of a lack of care after the surgery, and this allegation came at the last stage of the grievance process.  Again, there is no mention of Dr. Barrios or P.A. Morales.

The response to that grievance appeal again read the grievance as only complaining about a lack of care leading to and during the surgery, and stated:

> This is in response to your Central Office Administrative Remedy Appeal in which you contend that FCI Marianna's physician was negligent in not providing you surgery in a timely manner, which has caused the loss of vision in your left eye.

Case No. 5:03cv295-RH/WCS

> You request FMC Butner reduce your pain and suffering, and make every effort to save the vision in your eye.
>
> Review of your medical record reveals on October 3, 2002, the consultant ophthalmologist performed chronic vitrectomy surgery on your eye. You will receive follow-up evaluations by the consultant ophthalmologist and any further recommendations will be reviewed and approved by medical staff at FMC Butner.
>
> This response has been provided for informational purposes only.

Doc. 14, ex. C.

Thus, Plaintiff did not specifically indicate in these grievances that he was complaining about actions by Defendants Berrios and Morales after the surgery on January 8, 2002. Plaintiff did not clearly indicate in any of the grievances that those Defendants failed to refer Plaintiff for evaluation or treatment and, in doing so, denied Plaintiff appropriate medical attention as he has alleged in this civil rights action. Plaintiff's grievances certainly argue that Defendant Rosen was negligent, but Plaintiff failed to put the Bureau of Prisons on notice that he was *also* claiming that medical staff, in particular Defendants Berrios and Morales, failed to properly provide care to Plaintiff after the operation and acted with deliberate indifference in not referring him for treatment. Those are distinct and separate claims from Plaintiff's claims against Defendant Rosen. Even a generous and liberal reading of Plaintiff's administrative grievances fails to provide the notice to the Bureau of Plaintiff's complaints against those medical providers, as is evidenced in the Bureau's response and summation of Plaintiff's complaint in the General Counsel's response.

The conclusion that must be reached after review of Plaintiff's grievances is that Plaintiff failed to exhaust available administrative remedies prior to filing this cause of action against Defendants Morales and Berrios. Plaintiff simply did not allege enough

Case No. 5:03cv295-RH/WCS

facts to put prison officials on notice that he was complaining about the alleged lack of medical care by prison staff (Defendants Morales and Berrios) following the surgery. Plaintiff's failure to exhaust those claims mandates dismissal of the complaint against Defendants Morales and Berrios without prejudice.  The claims against Defendant Rosen should proceed.

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion to dismiss filed by Defendants Berrios and Morales, doc. 41, be **GRANTED**, because Plaintiff failed to exhaust administrative remedies pursuant to 42 U.S.C. § 1997(e) concerning his claims against them, that Defendants Berrios and Morales be **DISMISSED** from this action, and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on April 25, 2005.


s/    William C. Sherrill, Jr.
WILLIAM C. SHERRILL, JR.
UNITED STATES MAGISTRATE JUDGE


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**